# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chadwick Reilly,<br><br>    Plaintiff,<br><br>v.<br><br>Lorence Jove,<br><br>    Defendant. | No. CV-15-00097-TUC-JGZ (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant's FRCP 56 Motion for Summary Judgment ("Motion"). *See* Doc. 28. Despite having been granted a 30-day extension of time in which to file a response to Defendant's Motion (*see* Doc. 30), Plaintiff has failed oppose the Motion. *See* Dkt.

Having considered the Motion, Defendant's Statement of Facts in Support of Motion for Summary Judgment (Doc. 28-1) and attached exhibits, the Court determines that there is no genuine dispute as to any material fact. As such, the Court recommends that the District Court, after an independent review of the record, **grant** Defendant's Motion and dismiss the Complaint.

**Background**

This matter arises from an encounter between Plaintiff Chadwick Reilly ("Plaintiff") and Defendant Tucson Police Officer Lorence Jove ("Defendant") on August 7, 2013. Plaintiff alleges two claims against Defendant: a claim under 42 U.S.C. § 1983 for alleged use of excessive force and a claim under the Fourth and Fourteenth

Amendments to the U.S. Constitution based upon an alleged lack of probable cause. *See* Doc. 1 (Complaint) at p. 5. Briefly, Plaintiff alleges that his civil rights were violated when, as Plaintiff was fleeing from Defendant, he suffered injuries when his bicycle struck a curb and he was thrown over the handlebars to the ground. Plaintiff further alleges that Jove used unreasonable force (kicking) to subdue Plaintiff and prevent him from reaching his weapon (a knife) during the course of his arrest. Plaintiff also alleges that his right to be free from unreasonable searches and seizures was violated as Defendant did not have probable cause to pursue (and ultimately arrest) Plaintiff.

**Summary Judgment Standard**

The Court may grant a motion for summary judgment only if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). "A party asserting that a fact cannot be or is genuinely in dispute must support the assertion by … citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." *Joe Hand Promotions Inc. v. Donaldson*, 2016 WL 3269723, at *3 (D. Ariz. June 15, 2016) (quoting Fed. R. Civ. P. at 56(c)(1)(A-B)). Accordingly, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*., (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**Plaintiff's Failure to Respond to the Motion**

As mentioned above, Plaintiff has failed to respond to Defendant's Motion. *See* Dkt. Where the non-movant fails to respond to the movant's motion for summary judgment, the court is not required to grant the motion. This is the case even in light of Rule 7.2 of the Local Rules of Civil Procedure. *See Joe Hand Promotions Inc., supra*, 2016 WL 3269723, at *3 (D. Ariz. June 15, 2016) (citing *Finkle v. Ryan*, CV-14-01343-PHX-DGC, 2016 WL 1241878, at *3 (D. Ariz. Mar. 30, 2016) (finding that plaintiff's failure to respond to defendant's motion for summary judgment did not warrant granting

the motion despite Local Rule of Civil Procedure 7.2(i)). "The Ninth Circuit has clarified that such local rules cannot provide a valid basis for granting a motion for summary judgment where the motion is unopposed, as Federal Rule of Civil Procedure 56 'authorizes the court to consider a fact as disputed,' but does not allow the court to grant summary judgment by default." *Id*., (quoting *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (finding that Western District of Washington Local Rule 7(b)(2) conflicts with Federal Rule of Civil Procedure 56 and 'cannot provide a valid basis for granting a motion for summary judgment').)

In light of the foregoing, the Court will address Defendant's Motion on the merits recognizing that the Motion may only be granted if there is no genuine issue as to any material fact.

**Events of August 7, 2013**

Defendant testified that on August 7, 2013 he was on duty and patrolling a predominately student populated residential neighborhood at a time of day when students were likely to be in class. *See* Doc. 28-1 at ¶ 3. The neighborhood that Defendant was patrolling has recently suffered a string of burglaries. Defendant testified that he spotted an individual in a red shirt on the corner of Santa Rita and Hampton streets. *Id*. at ¶ 4. Defendant planned to observe the individual for a while noting that he looked out of place given the time of day and the individual's apparent lack of purpose. *Id*. Shortly thereafter, Defendant saw Plaintiff appear from a yard on the southeast corner of the same intersection. *Id*. at ¶ 5. Plaintiff was walking a bicycle at the time and carrying two large backpacks. Defendant testified that Plaintiff did not appear to be a student or otherwise fit the profile of individuals normally afoot in the area. *Id*. Defendant observed Plaintiff approach the individual in the red shirt and further observed Plaintiff and the red shirted individual just hanging out on the street corner. *Id*. at ¶ 6.

Defendant testified that the two acted "kind of spooked" when they saw him. *Id*. at ¶ 8. This heightened Defendant's suspicions that a burglary may be occurring. *Id*. Defendant did a U-turn in his marked vehicle and decided to try to engage the men in

conversation. *Id*. Defendant notified dispatch prior to exiting his vehicle. *Id*.

As Defendant pulled up in his vehicle, Plaintiff immediately fled on his bike. *Id*. at ¶ 9. Defendant testified that he observed Plaintiff commit a city code violation (riding a bicycle on the side walk) and, as a result, Defendant felt he had a reasonable basis to engage Plaintiff in conversation even if he was not going to cite him. *Id*. Defendant testified that he followed Plaintiff for approximately 2 mins at a speed of approximately 15 to 20 miles per hour. *Id*. at ¶ 11. Defendant presented evidence that the entire pursuit lasted approximately 2 ½ minutes. *Id*. Defendant used bursts from his siren and instructed Plaintiff over his vehicle's PA system to stop several times while he was following behind Plaintiff on his bicycle. *Id*. at ¶ 12.

During the course of the short pursuit, Defendant testified that he observed Plaintiff trying to remove something from his pocket. Defendant testified that he did not know what Plaintiff was trying to remove but he suspected Plaintiff might be armed because of the "frantic" way Plaintiff repeatedly reached into his pocket. *Id*. at ¶ 14. Defendant testified that he followed Plaintiff far enough behind his bicycle that he could always see the back wheel of the bicycle. *Id*. at ¶ 15. The short pursuit ended when Plaintiff rode into the curb on the northwest corner of Highland and Seneca streets. *Id*. at ¶ 16. Plaintiff was propelled over his handle bars and landed face down in the dirt. *Id*. at ¶ 17.

After Plaintiff crashed, Defendant exited his vehicle, drew his weapon, and instructed Plaintiff to show his hands. *Id*. at ¶¶ 19, 20. Instead of complying Plaintiff tried to get up. *Id*. Defendant testified that he used a "push kick" on Plaintiff's backside to push Plaintiff back to the ground. *Id*. at ¶ 20. At this time, Defendant noticed that Plaintiff was again trying to pull something out of his pocket. *Id*. at ¶ 21. Despite repeated commands to show his hands, Plaintiff continued to reach into his pocket. *Id*. Eventually Plaintiff pulled out a meth pip and tossed it aside. *Id*. at ¶ 22. Thereafter, Plaintiff again reached into his pocket and Defendant noticed the clip of a knife protruding on the outside of Plaintiff's pants pocket. *Id*. at ¶ 23. Defendant repeatedly

1 commanded Plaintiff to stop trying to pull the knife out but Plaintiff ignored his
2 commands and tried to stand up and pull out his knife. *Id*. Defendant testified that he was
3 required to use six (6) kicks to the side of Plaintiff's head to get the knife removed and
4 safely away. *Id*. at ¶ 24. Once the knife was out of Plaintiff's reach, he was placed under
5 arrest without further incident. *Id*. at ¶ 25. It turned out that one of Plaintiff's backpacks
6 contained refrigerated food items that were still cold and that matched the type of items
7 that students living in the house where Defendant had first seen Plaintiff had in their
8 refrigerator. *Id*. at ¶ 26. However, the students could not positively identify the food times
9 as belonging to them. *Id*.

**Plaintiff's Claims**

§ 1983 Claim of Use of Excessive Force

To state a claim for a violation of 42 U.S.C. § 1983, a plaintiff "' must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Ove v. Qwinn*, 264 F.3d 817, 824 (9th Cir. 2001) (additional citations omitted.) Plaintiff's Complaint alleges the unlawful use of physical force by Defendant, an officer with the Tucson Police Department, in violation of his civil rights "under color of state law for excessive force." *See* Doc. 1 at ¶¶ 9, 33. Based upon the record before the Court, Plaintiff claims that Defendant used excessive force in his pursuit (by allegedly bumping into his bicycle's back wheel) and the subsequent struggle that ensued (the struggle for the knife that took place on the ground once he crashed his bike).

"A peace officer employs unlawful physical force in detaining a person if the force used exceeds that which a reasonable person would believe immediately necessary to effect the detention." *State v. Yoshida*, 195 Ariz. 183, 185 11, 986 P.2d 216, 218 (Ariz. App. 1998). As pointed out by Defendant, Section 409(1), Title 13, Arizona Revised Statutes, governs justification in the use of force by law enforcement and provides as follows:

…

> A person is justified in threatening or using physical force against another if in making or assisting in making an arrest or detention or in preventing or assisting in preventing the escape after arrest or detention of that other person, such person uses or threatens to use physical force and all of the following exist:
>
> 1. A reasonable person would believe that such force is immediately necessary to effect the arrest or detention or prevent the escape.
>
> 2. Such person makes known the purpose of the arrest or detention or believes that it is otherwise known or cannot reasonably be made known to the person to be arrested or detained.
>
> 3. A reasonable person would believe the arrest or detention to be lawful.

*See* ARIZ. REV. STAT. § 13-409. A police officer has the right to use force when making an arrest; he simply cannot use excessive force. *See State v. Mincey*, 141 Ariz. 425, 687 P.2d 1180, 1196 (Ariz. 1984) (en banc), (citing A.R.S. § 13-3881 and *State v. Martinez*, 122 Ariz. 596, 596 P.2d 734 (App. 1979)).

The record on Defendant's Motion establishes that Defendant was justified in his use of force. Defendant testified that he did not strike the back wheel of Plaintiff's bicycle. Photographs in the record show no damage to Plaintiff's back wheel but do show that the front wheel of the bicycle was badly damaged. The evidence also establishes that Defendant followed Plaintiff at a relatively slow rate of speed and kept Plaintiff's entire bicycle in full view indicating that Defendant never "tail gated" Plaintiff during the pursuit. While Plaintiff testified that Defendant's vehicle bumped his back bicycle tire causing him to crash (*see* Doc. 28-1 at ¶ 19), assuming, *arguendo*, that Plaintiff's version of events is correct, the Court concludes that Defendant's conduct was justified as a matter of law. *See* Ariz. Rev. Stat. § 13-409(1) (a person is justified in using force against another to prevent the escape of the other person if, *inter alia*, a reasonable person believes that such force is immediately necessary to prevent the escape).

The evidence also establishes that Defendant did not use excessive force in using kicks in an effort to prevent Plaintiff from grabbing his knife during the course of his

- 6 -

arrest. The record is undisputed that Defendant instructed Plaintiff to stay on the ground and that instruction was not heeded. The record is likewise undisputed that Plaintiff was instructed to show his hands but that instruction was also not heeded and, rather, Plaintiff kept getting up onto all fours and trying to reach his knife. The record establishes that, in the course of approximately 30-35 seconds, Defendant used six (6) kicks that were sufficient to subdue Plaintiff and allow Defendant to remove the knife. Defendant testified that he did not kick Plaintiff in the face nor did he ever "toe punch" him. Once the knife was out of Plaintiff's reach he was arrested without incident.

Based upon the undisputed facts before the Court, Plaintiff's § 1983 claim of use of excessive force must fail.

Unreasonable Search/Seizure Claim

As mentioned above, Plaintiff claims that probable cause to pursue and arrest him did not exist. Probable cause exists when, "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability" that a crime was committed. *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986). Probable cause must be evaluated from the perspective of "prudent men, not legal technicians." *Brinegar v. United States*, 338 U.S. 160, 176, 93 L.Ed.2d 1879, 69 S.Ct. 1302 (1949).

Probable cause existed for Defendant's pursuit and subsequent arrest of Plaintiff. Defendant testified that he was patrolling a neighborhood that had recently suffered a rash of burglaries when he came upon Plaintiff and another individual loitering on a corner of the residential neighborhood. Defendant observed Plaintiff carrying two backpacks and walking from a house. Neither Plaintiff nor his apparent compadre looked or acted like the students who populate that area. When Defendant pulled up to the two men, Plaintiff fled. After observing a Plaintiff commit a violation of the city code, Defendant repeatedly asked Plaintiff to stop yet Plaintiff kept fleeing. Furthermore, during the course of the pursuit Defendant saw Plaintiff frantically trying to get something out of his pocket which Defendant thought may be a weapon. It turns out that

- 7 -

Plaintiff was armed and possessed drug paraphernalia.

Based upon the totality of the circumstances, the Court determines that probable cause existed for Defendant's pursuit and eventual arrest of Plaintiff.

**Conclusion**

In light of the foregoing, it is recommended that the District Court, after an independent review of the record, grant Defendant's motion for summary judgment (Doc. 28) and dismiss the Complaint. Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within 14 days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 15-00097-TUC-JGZ**.

Dated this 21st day of July, 2016.

D. Thomas Ferraro
United States Magistrate Judge